B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Yvonne M. Harris-Nutall | DEFENDANTS<br>Nationstar Mortgage, LLC and<br>U.S. Bank, National Association as Trustee for BAFC 2008-FTI |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>**Armstrong Kellett Bartholow PLLC**<br>**11300 N Central Expy**<br>**Suite 301**<br>**Dallas TX 75243** | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1) Violations of the automatic stay (11 U.S.C. 362); (2) Violations of the FDCPA (15 U.S.C. 1692); and (3) Violations of RESPA and TILA

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[1] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
[2] 72-Injunctive relief - other

**FRBP 7001(8) - Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) - Declaratory Judgment**
[3] 91-Declaratory judgment

**FRBP 7001(10) - Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Yvonne M. Harris-Nutall | | BANKRUPTCY CASE NO.<br>14-35300 |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | DIVISION OFFICE<br>Dallas | NAME OF JUDGE<br>Hon. Barbara Houser |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLANTIFF) | | |
| DATE<br>09/14/2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>THEODORE O. BARTHOLOW, III | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

PLAINTIFFS and DEFENDANTS. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

ATTORNEYS. Give the names and addresses of the attorneys, if known.

PARTY. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

DEMAND. Enter the dollar amount being demanded in the complaint.

SIGNATURE. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

ARMSTRONG KELLETT BARTHOLOW PLLC
Theodore O. Bartholow, III ("Thad")
State Bar No. 24062602
Karen L. Kellett
State Bar No. 11199520
Caitlyn N. Wells
State Bar No. 24070635
Megan F. Clontz
State Bar No. 24069703
11300 N. Central Expwy. Suite 301
Dallas, TX 75243
Tel. 214.696.9000
Fax 214.696.9001
thad@akbpc.com

Attorneys for Plaintiff

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| YVONNE M. HARRIS-NUTALL | § | CASE NO. 14-35300-BJH13 |
| | § | |
| Debtor | § | CHAPTER 13 |
| | § | |
| YVONNE M. HARRIS-NUTALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | ADVERSARY NO. _____ |
| v. | § | |
| | § | |
| NATIONSTAR MORTGAGE, LLC and | § | |
| | § | |
| U.S. BANK, NATIONAL | § | |
| ASSOCIATION as Trustee for | § | |
| BAFC 2008-FT1 | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, YVONNE M. HARRIS-NUTALL, Plaintiff, and files this suit against

Nationstar Mortgage, Inc. and U.S. Bank, National Association as Trustee for BAFC 2008-FT1,

Defendants. In support thereof, Plaintiff alleges as follows:

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                   **PAGE 1**

# I.
# INTRODUCTION

1.      Plaintiff files this suit to seek relief from Defendants' actions in filing an improper proof of claim in her Chapter 13 bankruptcy case.  Essentially, Defendants have violated the automatic stay, the Fair Debt Collection Practices Act, and RESPA and TILA by seeking to "double-dip" and collect over $12,000 in escrow advances for allegedly past-due property taxes from Plaintiff by increasing her monthly mortgage payment for a twelve month period *and* by seeking to collect those same amounts through Plaintiff's Chapter 13 bankruptcy.

# II.
# PARTIES

2.      Yvonne Harris-Nutall is a resident of the Northern District of Texas.  Plaintiff was the Debtor in *In re Yvonne Harris-Nutall*, Case No. 08-36314-HDH13 (Chapter 13), filed in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.  Further, Plaintiff is also the Debtor in *In re Yvonne Harris-Nutall*, Case No. 14-35300-BJH13

3.      Nationstar Mortgage, LLC ("Nationstar") is a limited liability company doing business at 350 Highland Drive, Lewisville, Texas 75067.  Nationstar Mortgage may be served with process through its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4.      U.S. Bank, National Association as Trustee for BAFC-2008FT1 ("U.S. Bank") is a foreign corporate fiduciary which may be served through its registered agent for service of process, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

# III.
# JURISDICTION, AUTHORITY AND VENUE

5.      This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334 and §§ 157(b) and (c).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiff's claim occurred in this district.  Defendants wrongfully demanded payment in this district, and Defendants regularly transact business in this district.

**IV.**
**FACTUAL ALLEGATIONS**

7.      The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

8.      On March 8, 2007, Plaintiff executed a promissory note ("Note") and home equity contract and deed of trust (the "Deed of Trust") in the amount of $68,000.00, which purportedly granted a lien against Plaintiff's homestead property located at 749 Tranquility Lane, Cedar Hill, Texas 75104.  Exhibit A.

9.      Plaintiff filed a Chapter 13 bankruptcy, Case No. 08-36314-HDH13, on December 2, 2008, in order to save her home from foreclosure.

10.     At the time Plaintiff filed her Chapter 13 bankruptcy, her mortgage loan was serviced by Bank of America.

11.     Plaintiff listed Bank of America as a creditor on her Schedule D.  Exhibit B.

12.     On or about December 11, 2008, Bank of America filed Proof of Claim No. 2-1 in Plaintiff's bankruptcy case, seeking to collect $4,003.61 in arrearages, and claiming an unpaid principal balance of $66,359.78.  Exhibit C.

13.     Plaintiff fell behind on her post-petition mortgage payments, and Bank of America filed a motion for relief from stay on September 1, 2009 seeking to collect three post-petition mortgage payments.  Exhibit D.  On September 30, 2009, the Court entered an agreed order on Bank of America's motion for relief from stay.  Exhibit E.

14. On August 13, 2013, Nationstar filed a notice of transfer of claim. Exhibit F. Nationstar began servicing Plaintiff's mortgage loan in July 2013.

15. Plaintiff's pre and post-petition mortgage arrearages were paid to Bank of America and Nationstar by the Chapter 13 Trustee in Plaintiff's bankruptcy Case No. 08-36314-HDH13. Exhibit G.

16. On December 17, 2013, the Chapter 13 Trustee filed a notice of final cure payment regarding Plaintiff's pre-petition mortgage arrearages, which was properly served to Defendants. Exhibit H.

17. Also on December 17, 2013, the Chapter 13 Trustee filed a notice of final cure payment regarding Plaintiff's post-petition mortgage arrearages, which was properly served to Defendants. Exhibit I.

18. Defendants failed to file a response to the Chapter 13 Trustee's notice of final cure.

19. Plaintiff received her Chapter 13 on January 31, 2014. Exhibit J.

20. On May 22, 2013, Plaintiff was deemed 100% disabled by the Department of Veterans Affairs. Plaintiff's fully disabled status was retroactive to August 21, 2012.

21. As a result of Plaintiff's status as a fully-disabled veteran, Plaintiff is permanently exempt from paying property taxes after August 21, 2012. Plaintiff was also granted a 70% exemption from paying taxes on her homestead during the tax year 2011 by the Dallas Central Appraisal District and the Department of Veterans Affairs. Exhibit K.

22. However, on March 6, 2014, just weeks after Plaintiff received her Chapter 13 discharge, Nationstar disbursed $12,321.38 to pay allegedly past-due property taxes.

23. As a result, upon information and belief, Nationstar significantly increased Plaintiff's monthly mortgage payment in order to recover the amounts Nationstar advanced on Plaintiff's behalf.

24. Plaintiff, who is unemployed and lives on a fixed income, could not afford the increased payments. Plaintiff attempted to continue making her regular monthly mortgage payments, but Nationstar began refusing to accept Plaintiff's payments unless she tendered the entire amount due. Exhibit L.

25. Out of fear that Nationstar would foreclose on her property, Plaintiff filed a second Chapter 13 bankruptcy in order to save her home on November 3, 2014, Case No. 14-35300.

26. Defendant Nationstar has filed a proof of claim in Plaintiff's second bankruptcy case seeking $27,458.87 in mortgage arrearages, including the $12,321.38 in escrow payments. Exhibit M.

27. However, Nationstar has never disclosed to the Plaintiff what years are included in the $12,321.38 it seeks to collect.

28. On November 7, 2014, Plaintiff's counsel sent Nationstar a Request for Information requesting that Nationstar provide a payment history and other information to Plaintiff's counsel. Exhibit N.

29. On December 1, 2014, Nationstar sent an acknowledgment letter directly to Plaintiff. Exhibit O. However, neither Plaintiff nor Plaintiff's counsel ever received a response to Plaintiff's counsel's November 7, 2014 Request for Information.

30. On January 20, 2015, Plaintiff's counsel sent Nationstar a Notice of Error regarding Nationstar's failure to respond to Plaintiff's counsel's November 7, 2014 Request for Information,

and disputing Nationstar's tax disbursements and refusal to accept Plaintiff's monthly payments. Exhibit P.

31. On or about January 26, 2015, Nationstar sent Plaintiff's counsel a letter acknowledging receipt of Plaintiff's January 20, 2015 Notice of Error. Exhibit Q. The letter indicated that Nationstar would attempt to provide a response by March 5, 2015. *See id.*

32. Neither Plaintiff nor Plaintiff's counsel ever received a response to Plaintiff's counsel's January 20, 2015 Notice of Error.

33. On January 30, 2015, Plaintiff's counsel sent another Notice of Error to Nationtar because Plaintiff's counsel did not receive Nationstar's January 26, 2015 acknowledgment letter prior to January 30, 2015. Exhibit R. Plaintiff's counsel never received a response to the January 30, 2015 Notice of Error.

34. On July 24, 2015, Plaintiff's counsel sent a third notice of error to Nationstar regarding Nationstar's failure to provide anything other than an acknowledgment to any of Plaintiff's counsel's prior Notices of Error and Request for Information and disputing Nationstar's tax disbursements. Exhibit S.

35. On July 29, 2015, Nationstar sent Plaintiff's counsel a letter acknowledging receipt of Plaintiff's counsel's July 24, 2015 Notice of Error. Exhibit T. The acknowledgment letter states that Nationstar would attempt to provide a response to Plaintiff's counsel's July 24, 2015 Notice of Error by September 8, 2015. *Id.* Plaintiff's counsel has not received a response.

36. Plaintiff suffers from post-traumatic stress disorder, and Nationstar's refusal to accept her monthly payments and increasing her monthly mortgage payment has caused her to experience needless and harmful stress and anxiety.

**V.**

**<u>CAUSES OF ACTION</u>**

**COUNT I**
**WILLFUL VIOLATION OF THE AUTOMATIC STAY**

37.     The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

38.     Defendants' actions in this case constitute willful violations of the automatic stay as set forth in 11 U.S.C. § 362(a)(3) and (6).

39.     Defendants had actual knowledge that Plaintiff was a debtor in a pending Chapter 13 case, and that the automatic stay was in effect at the time it took the actions described herein.

40.     Upon information and belief, Chase increased Plaintiffs' mortgage payment to collect a pre-petition escrow shortage, which was already provided for in Plaintiffs' Chapter 13 plan. *See Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348 (5th Cir. 2008).

41.     Upon information and belief, Defendants' conduct as described herein is part of a general pattern and practice of conduct by Defendants, which is either expressly authorized by, or not specifically prohibited by, their policies and procedures.

42.     Defendants' acts constitute willful violations of the automatic stay.  Defendants knew the automatic stay was applicable to Plaintiff, their actions were intentional, and the acts alleged herein violated the provisions and purposes of the Bankruptcy Code.

43.     As a result of the above violations of 11 U.S.C. § 362, and pursuant to the Bankruptcy Code, the Court's inherent powers, and its authority to enforce provisions of the Bankruptcy Code pursuant to 11 U.S.C. § 105, Defendants are liable to Plaintiff for Plaintiff's actual damages, punitive damages, and reasonable attorneys' fees and costs caused Defendants' willful stay violations.

44.     The allegations in the paragraphs set forth above are re-alleged and incorporated herein by this reference.

45.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. §1692e.

46.     The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of a single violation.  *Eastman v. Baker Recovery Services (In re Eastman)*, 419 B.R. 711, 733 (Bankr. W.D. Tex. 2009); *see also Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997).  Because the FDCPA imposes strict liability, there is no requirement that the actions taken by a debt collector "be intentional or actionable."  *Eastman*, 419 B.R. at 728 (citing *Pittman v. J.J. Mac Intyre Co.*, 969 F. Supp. 609, 613 (D. Nev. 1997)).

47.     The FDCPA is also a remedial statute, and therefore must be construed liberally in favor of the debtor.  *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 (5th Cir. 2013)(quoting *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002)).

48.     Defendant Nationstar is a debt collector as defined in 15 U.S.C. § 1692a.

49.     Nationstar was attempting to collect a consumer debt as defined in 15 U.S.C. § 1692a.

50.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a.

51. Nationstar violated 15 U.S.C. § 1692e generally, and 15 U.S.C. § 1692e(2) and (10) specifically, by making false and/or misleading representations to Plaintiff regarding the status of her mortgage loan account. Specifically, Nationstar filed an improper proof of claim, which sought to collect alleged escrow advances through both Plaintiff's Chapter 13 plan and by increasing Plaintiff's monthly mortgage payments.

52. Nationstar violated 15 U.S.C. § 1692f generally, and 15 U.S.C. § 1692f(1) specifically, by attempting to collect $12,321.38 in escrow advances directly from Plaintiff, which Nationstar is also seeking to collect through Plaintiff's Chapter 13 plan.

53. Upon information and belief, Nationstar's actions described herein are the manifestation of a pattern and practice of conduct by Nationstar which is either required, or not specifically prohibited by its policies and procedures, to ignore the provisions of the Bankruptcy Code and fair debt collection laws applicable to it, and to illegally collect or attempt to collect debts from unsophisticated debtors. Accordingly, Nationstar's actions constitute unfair and unconscionable means to collect debts in violation of 15 U.S.C. § 1692f generally and §1692(f)(1) specifically.

54. As a direct and proximate result of Nationstar's violations of the FDCPA, Plaintiff has been damaged.

55. Plaintiff is entitled to and seek actual damages, statutory damages, and attorneys' fees as provided in 15 U.S.C. § 1692k.

## COUNT III
### (VIOLATIONS OF RESPA AND TILA AS TO DEFENDANT NATIONSTAR)

56. The allegations in the paragraphs set forth above are re-alleged and incorporated herein by this reference.

57.     In January 2013, the Consumer Financial Protection Bureau ("CFPB") issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

58.     Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z) (February 14, 2013) and 78 FR 10695 (Regulation X) (February 14, 2013).  These Regulations became effective on January 10, 2014.

59.     Plaintiff's March 8, 2007 mortgage loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and is therefore subject to RESPA.

60.     Nationstar is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers."  Neither is Nationstar a "qualified lender," as defined in 12 CFR § 617.7000.

61.     As discussed in detail above, Plaintiff's counsel sent multiple letters to Nationstar requesting information and disputing its servicing of Plaintiff's mortgage loan.  Plaintiff alleges that all letters sent by Plaintiff's counsel constitute Requests for Information or Notices of Error.

62.     Plaintiff's counsel's letters to Nationstar had the dual effect of invoking Plaintiff's rights under the Truth in Lending Act ("TILA") §131(f) as well as Plaintiff's rights under RESPA.

63.     Nationstar failed to provide Plaintiff with a response to Plaintiff's counsel's Request for Information or Notices of Error.  Nationstar's failure to respond appropriately to Plaintiff's counsel's Request for Information and Notices of Error violates both 12 U.S.C. § 2605(e)(1) (RESPA) and 15 U.S.C. §1641(f).

64. Nationstar has demonstrated a pattern and practice of failing to comply with the Regulations by failing to appropriately respond to Plaintiff's counsel's Request for Information or Notices of Error.

65. Accordingly, Nationstar is liable to Plaintiff for their actual damages, costs, attorneys' fees, and statutory damages of at least $2,000.00 per violation.

## COUNT IV
## (ATTORNEYS' FEES)

66. The allegations in the paragraphs set forth above are re-alleged and incorporated herein by this reference.

67. Through the conduct described herein, Nationstar has inflicted actual damages upon Plaintiff by violating the automatic stay.

68. Moreover, Plaintiff has been forced to retain legal counsel, who has incurred reasonable and necessary attorneys' fees on her behalf. Such fees are properly taxed against Defendants by virtue of Defendants' flagrant violations of the Chapter 13 provisions of the Code. The Court can award Plaintiff her attorneys' fees as against Defendants pursuant to the Court's inherent powers and its § 105(a) powers.

## VI.

## REQUEST FOR DECLARATORY RELIEF

69. The allegations in the preceding paragraphs are re-alleged and incorporated herein by this reference.

70. As outlined in the preceding counts and the preceding factual allegations, Defendants have violated the Bankruptcy Code. Plaintiff seeks a declaration that Defendants' actions in filing a proof of claim that seeks to collect escrow advances while demanding that

Plaintiff repay the same escrow advances over twelve months as party of her monthly payment violates the automatic stay.

71.     Plaintiff is entitled to attorneys' fees and costs pursuant to the Federal Declaratory Judgment Act.

**VII.**

**<u>REQUEST FOR INJUNCTIVE RELIEF</u>**

72.     The allegations in the preceding paragraphs are re-alleged and incorporated herein by this reference.

73.     As set forth above, Defendants are seeking to recover escrow advances through a proof of claim filed in Plaintiff's Chapter 13 bankruptcy, while simultaneously seeking to recover those same escrow advances through Plaintiff's monthly mortgage payment.

74.     Plaintiff seeks an injunction requiring Defendants to collect the alleged escrow advances through Plaintiff's Chapter 13 plan, only, and to reduce Plaintiff's monthly mortgage payment appropriately.

75.     The actions of Defendants show that it is their policy and procedure to ignore the directives of the Bankruptcy Code.

76.     Title 11 U.S.C. § 105 of the Code grants power to the Court to remedy the harms caused by Defendants' violations of the Code.  Section 105(a) allows the Court to exercise its equitable powers where necessary or appropriate to facilitate implementation of Code, including the granting of sanctions for contempt, injunctive relief, monetary relief for actual damages, including attorneys' fees and costs.

77. Therefore, Plaintiff seeks injunctive relief that includes appropriate monetary sanctions, including payment of attorneys' fees and costs, for Defendants' violations as described herein.

## VIII.

## REQUEST FOR ATTORNEYS' FEES

78. The allegations in the paragraphs set forth above are re-alleged and incorporated herein by this reference.

79. Through the conduct described herein, Defendants have inflicted actual damages upon Plaintiff.

80. Moreover, Plaintiff has been forced to retain legal counsel who have incurred reasonable and necessary attorneys' fees on her behalf. Such fees are properly taxed against Defendants by virtue of Defendants' flagrant violations of the Chapter 13 provisions of the Code. The Court can award Plaintiff her attorneys' fees as against Defendants pursuant to the Court's inherent powers and its § 105(a) powers.

## IX.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that Defendants be cited to appear and answer these allegations and that, upon final trial of this cause, she be granted all relief to which she is justly entitled, including:

a. All actual and statutory damages, including attorneys' fees and costs (at trial and on appeal) to which Plaintiff is entitled;

b. All compensatory damages to which Plaintiff is entitled, including attorneys' fees and costs, exemplary damages, and/or punitive damages and sanctions, for Defendants' actions described herein;

c.  A declaration that Defendants' actions violate the automatic stay provided by 11 U.S.C. §§ 362(a)(3) and (6).

d.  A preliminary and permanent injunction enjoining Defendants from engaging in the conduct described herein; and

e.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ARMSTRONG KELLETT BARTHOLOW PLLC

By: _/s/ Theodore O. Bartholow, III ("Thad")_
Theodore O. Bartholow, III ("Thad")
State Bar No. 24062602
Karen L. Kellett
State Bar No. 11199520
Caitlyn N. Wells
State Bar No. 24070635
Megan F. Clontz
State Bar No. 24069703
11300 N. Central Expressway
Suite 301
Dallas, TX 75243
Tel.: (214) 696-9000
Fax: (214) 696-9001
thad@akbpc.com

**ATTORNEYS FOR PLAINTIFF**